Freeman, J.,
In refusing Petition for rehearing, the Court said, delivering the opinion of the Court:
We have examined the petition and find nothing in it to change the opinion delivered heretofore by this Court.
As to the importance of establishing a uniform and fixed rule on the question as urged, we appreciate the propriety of settled rules in this as well as all other matters of the kind. We lay down the one we deem best adapted to the circumstances of our ■ country in the opinion delivered — that the market value of the life estate of the party, to be ascertained upon proof of what it would command jin the market where it is 1 sold or is situated, * is the proper valuation. This rule we think better calculated to ascertain the value of the life estate than any one to which we are referred based on calculations of expectancy of life. Should a party be compelled to take a life estate on basis of value established by the rule insisted on, and undertake to realize the money on it by sale, he must go into the market and sell for what it will command. Why should we fix the value on an arbitrary basis, when in the transactions of the country a party seeking to realize the value must of necessity be compelled to realize on it by a different rule.
*253 It is insisted that Carnes & Perry are permitted to retain a life estate in four hundred and six acres of land at a little over $700. In answer to this it maybe said, the weight of the proof, excluding the evidence of value of land as shown by the price at which they bought, would show that the land was only, in 1854, worth $2,000 in the market, and was actually sold for about $3,000; and according to the estimates of value' of this life estate, as furnished on basis of twenty-six years expectancy, it would be worth as we remember the calculation, considerably over $2,500, thus making the life estate worth more than the absolute estate, with no incumbrance on it.
"We have not time to go into a general discussion of this question; suffice it to say, we are well satisfied as to correctness of the original opinion and feel bound to adhere to it.
Rehearing refused.